UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAM R. AERTKER | CIVIL DOCKET NO. 1:22-CV-00323 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER, LLC, ET AL | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

MEMORANDUM RULING

Before the Court are the following motions: (i) a MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (the "Dresser Motion") [Doc. 21] filed by Dresser, LLC, Dresser RE, LLC, Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings LLC), and Baker Hughes, Inc. (now known as Baker Hughes Holdings LLC) (collectively, "Dresser"); and (ii) a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (the "GE Motion") [Doc. 20] filed by General Electric Company ("GE"). Both motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Sam R. Aertker ("Aertker") opposes the motions. [Docs. 24, 25]. For the following reasons:

The Dresser Motion is GRANTED.

The GE Motion is GRANTED, in part and DENIED, in part.

BACKGROUND

This lawsuit – among others – arises from alleged property damage and personal injury sustained by an adjacent landowner resulting from operations at a now-closed industrial valve manufacturing facility located in Rapides Parish,

1

Louisiana (the "Dresser Facility").[1] [Doc. 16]. Plaintiff contends that throughout the approximately 50 years during which the Dresser Facility was in operation, solvents, cutting oils, acids, and caustics were disposed of improperly, thereby contaminating the groundwater and soil beneath the Dresser Facility. Aertker further alleges that this contamination has migrated onto his immediately adjacent property and caused him injury.

Plaintiff owns a nine-acre property (the "Aertker property") immediately adjacent to the Dresser Facility. [Doc. 1-1, ¶ 1]. According to Plaintiff, Defendants kept a storage tank for trichloroethylene ("TCE") at the southeast corner of the Dresser Facility – which is the closest portion of the facility to the Aertker property. [Doc. 16, ¶ 16]. Aertker contends that Defendants' TCE storage tank and TCE-related operations constantly leaked and spilled throughout their use. [Doc. 16, ¶ 17]. Plaintiff alleges that these leaks, coupled with Defendants' improper use of two unlined earthen pits for discharge of wastewater, resulted in the migration of several

---

[1] There are currently 14 additional, related cases pending before this Court: *Alexander v. Dresser*, LLC, No. 1:21-cv-00161-DCJ-JPM (W.D. La. Dec. 30, 2020); *Barnes v. Dresser*, LLC, No. 1:21-cv-00024-DCJ-JPM (W.D. La. Jan. 6, 2021); *Barrett v. Dresser*, LLC, No. 1:20-cv-01346-DCJ-JPM (W.D. La. Oct. 16, 2021); *Barton v. Dresser*, LLC, No. 1:22-cv-00263-DCJ-JPM (W.D. La. Jan. 26, 2022); *Cook v. Dresser*, LLC, No. 1:21-cv-00696-DCJ-JPM (W.D. La. March 1, 2021); *D&J Investments of Cenla, LLC v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01174-DCJ-JPM (W.D. La. July 31, 2020); *Epperson v. Dresser, LLC*, No. 1:21-cv-00155-DCJ-JPM (W.D. La. Dec. 30, 2020); *Hyatt v. Baker Hughes Holdings LLC*, No. 1:20-cv-01460-DCJ-JPM (W.D. La. Sept. 25, 2020); *Jacques v. Baker Hughes, a GE Co., LLC*, No. 1:21-cv-00315-DCJ-JPM (W.D. La. Jan. 7, 2021); *LeBlanc v. Baker Hughes, a GE Co., LLC*, No. 1:21-cv-00142-DCJ-JPM (Dec. 30, 2020); *Littleton v. Dresser, LLC*, No. 1:21-cv-02623-DCJ-JPM (W.D. La. Oct. 5, 2021); *Perry v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01293-DCJ-JPM (W.D. La. Aug. 21, 2020); *Petty v. Dresser, LLC*, No. 1:21-cv-02586-DCJ-JPM (Jul. 2, 2021); *Stalnaker v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01292-DCJ-JPM (W.D. La. Aug. 4, 2020).

harmful chemicals, including TCE, tetrachloroethylene ("PCE"), and other volatile organic compounds onto the Aertker property, causing damage.

On December 7, 2020, Plaintiff filed the above-captioned matter in the 19th Judicial District Court in East Baton Rouge Parish, Louisiana. [Doc. 1-1]. Dresser subsequently removed the suit to the United States District Court for the Middle District of Louisiana. [Docs. 1, 2-1]. Removal was based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 6972(a) due to Plaintiff's claim under the citizen-suit provision of the Resource Conservation and Recovery Act (42 U.S.C. § 6901 *et seq*.) (the "RCRA Claim").[2] On February 1, 2022, this matter was transferred to the Western District of Louisiana. [Docs. 44, 46].

Before responsive pleadings were filed, Plaintiff amended his complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) (the "Amended Complaint"). [Doc. 16]. The Amended Complaint asserts claims of negligence, nuisance, breach of the natural servitude of drain, breach of Louisiana Mineral Code Article 10, several theories of premises liability, and violations of the RCRA. [Doc. 16, ¶¶ 54-133]. GE and Dresser then filed the instant motions to dismiss several of Plaintiff's claims. [Docs. 20, 21]. Plaintiff opposes both motions. [Docs. 24, 25]. Following the transfer of this matter to the Western District, the Court requested additional briefing concerning the alleged RCRA violations and the pre-suit notice required under that statutory scheme. *See* 42 U.S.C. § 6972(b)(2)(A); [Doc. 65]. GE, Dresser, and Aertker

---

[2]   Dresser also asserts diversity jurisdiction under 28 U.S.C. § 1332 as an additional basis for removal. [Doc. 1, 2-1].

filed responses to the Court's request.  [Docs. 66, 67, 68].  The pending motions are now ripe for review.

## LAW AND ANALYSIS

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted."  Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."  *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).  However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim.  *Twombly*, 550 U.S. at 556.  Accordingly, the Court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  If the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed.  *Twombly*, 550 U.S. at 555.

### II. The Dresser Motion

Dresser seeks dismissal on two grounds.  First, it argues that Plaintiff has failed to state a claim as a matter of law for: (i) Dresser's negligence in failing to

contain or remediate any contamination, (ii) strict liability under Louisiana Civil Code Article 667, (iii) trespass, (iv) continuing trespass, and (v) civil fruits. Second, Dresser claims that Plaintiff has failed to state an RCRA claim due to his noncompliance with the mandatory notice and delay provisions of the Act. The Court will address each argument in turn.

### a. Negligence for Failing to Contain or Remediate any Contamination

Aertker alleges several theories to support his negligence claim, including that Dresser failed to prevent, contain, and remediate the alleged contamination onto the Aertker property. [Doc. 16, ¶¶ 68, 69, 70, 72, 71]. Dresser seeks dismissal of the portion of Aertker's claim alleging its failure to contain or remediate any contamination – arguing that these are not cognizable claims under Louisiana law.

In contamination cases, a defendant's failure to contain or remediate is not an act of negligence separate and apart from such defendant's failure to prevent the conduct causing the alleged contamination in the first instance. *See Marin v. Exxon Mobil Corp.*, 2009-2368, p. 28 (La. 10/19/10); 48 So.3d 234, 254; *Hogg v. Chevron USA, Inc.*, 2009-2632, pp. 22–23 (La. 07/06/10); 45 So.3d 991, 1007. Stated differently, the initial leakage – not the failure to contain or remediate – is the operating cause of the plaintiff's injury. *Id*. Therefore, assuming Plaintiff has stated a negligence claim regarding the alleged initial disposal of hazardous substances, he does not maintain a separate negligence claim for failure to contain or remediate.[3] Accordingly, the

---

[3] Dresser does not contest the plausibility of Plaintiff's negligence claim as stated in the Amended Complaint.

5

Court dismisses Plaintiff's negligence claim insofar as it claims Dresser failed to contain and remediate the alleged contamination.

### b. Strict liability Under Louisiana Civil Code Article 667

The Amended Complaint also asserts strict liability claims against Dresser under Civil Code Article 667.[4] [Doc. 16, ¶¶ 75, 79, 80]. The pre-1996 version of Article 667 imposed liability on landowners or proprietors for damage caused to their neighbors by engaging in ultrahazardous activities. *Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co., LLC*, CV 16-1620, 2017 WL 4864489, at *5 (W.D. La. Sept. 21, 2017) (citations omitted). Louisiana courts employed a three-prong test to determine whether an activity was ultrahazardous. Under this test, in order to qualify as an ultrahazardous activity, courts require that the conduct must: (i) relate to an immovable, (ii) itself cause the injury, and the defendant must be engaged directly in the injury-producing activity, and (iii) not require substandard conduct to cause injury. *Id.* (citing *Bartlett v. Browning-Ferris Indus., Chem. Svcs., Inc.*, 1996-0218, p. 4 (La. App. 3 Cir. 01/02/96), 683 So.2d 1319, 1321).

Dresser claims that the Amended Complaint fails as a matter of law to state a claim for injuries stemming from ultrahazardous activity because the third prong of the test is not met. The Court agrees. Because Plaintiff alleges throughout the Amended Complaint that his injuries were caused by the substandard conduct of Dresser – and, importantly, does not allege that Dresser's activities were

---

[4] Article 667 was amended in 1996 to impose strict liability only for damages resulting from pile driving and blasting with explosives. Because neither of those two activities are relevant to this litigation, the Court assesses the viability of Plaintiff's strict liability claim under the pre-amendment version of Article 667.

ultrahazardous in and of themselves – the third prong fails. *Barrett v. Dresser, LLC*, CV 20-1346, 2021 WL 53658, at *8 (W.D. La. Jan. 6, 2021); *see also, Morgan Plantation, Inc.*, 2017 WL 4864489, at *5 (finding the plaintiffs' former Article 667 strict liability claim did not satisfy the third prong "because the petition alleged that the damages were caused by the substandard care of the defendants, rather than that the activities did not require substandard care to cause injury"); *Pierce v. Exxon Mobil Oil Corp.*, CV 12-2224, 2013 WL 1856079, *7 (E.D. La. Apr. 30, 2013) (holding that the third prong was not met because the petition failed to "allege that the activity is ultra-hazardous in and of itself, but rather that the substandard care of Defendants caused this damage"). Accordingly, Plaintiff's negligence allegations throughout his complaint defeats his pre-1996 Article 667 strict liability claim. Dresser's Motion is therefore granted as to this claim.

    c.    **Unintentional Trespass**

Next, Dresser seeks dismissal of Plaintiff's trespass claim insofar as it concerns Dresser's alleged failure to prevent the release of contaminants or to contain the migration of contaminants. The Amended Complaint alleges that the physical invasion of Plaintiff's property by contaminants from Dresser constitutes a trespass. [Doc. 16, ¶¶ 88-91]. Dresser contends that any purported trespass was not an intentional, affirmative act and that, therefore, this claim fails because Louisiana courts do not recognize a claim for trespass caused by a negligent, passive act.

Under Louisiana law, a trespass is an unlawful physical invasion onto the property of another. *Vintage Assets, Inc. v. Tennessee Gas Pipeline Co., L.L.C.*, CV 16- 0713, 2017 WL 3601215, at *3 (E.D. La. Aug. 22, 2017) (citing *Richard v. Richard*,

7

2009-0539, p. 5 (La. App. 3 Cir. 11/04/09), 24 So.3d 292, 296). As this Court noted in *Jacques v. Baker Hughes, a GE Co., LLC*, given the Louisiana Supreme Court's remarks in *Hogg v. Chevron USA Inc.*, the Court understands Louisiana law to require an intentional act to prove the tort of trespass.[5] *See Jacques v. Baker Hughes, a GE Co., LLC*, CV 21-0315, 2021 WL 1271027, at * 6 (W.D. La. Apr. 6, 2021) (citing *Hogg*, 45 So.3d 911); *see also*, *Petry v. R360 Envtl. Sols. of Louisiana LLC*, CV 20-0820, 2020 WL 6494901, at *2 (W.D. La. Nov. 4, 2020); *Vintage Assets, Inc.*, 2017 WL 3601215, at *4. Accordingly, to the extent the Amended Complaint alleges Dresser engaged in unintentional, passive conduct – such as its failure to prevent the release of contaminants or contain the migration of contaminants – Dresser's Motion is granted.

### d. Continuing Trespass

Aertker also alleges that the release of contaminants onto his property "continues to the present time." [Doc. 16, ¶ 91]. Based on these allegations, Dresser seeks dismissal of Plaintiff's continuous trespass claim. It argues that any liability should be limited to conduct causing the initial release of hazardous substances, which ceased no later than 2016 when operations at the Dresser Facility halted.

Under Louisiana law, a "continuing tort" is a limited doctrine that functions to suspend the commencement of prescription in situations where the operating cause

---

[5] "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In applying Louisiana substantive law, federal courts look to the final decisions of the Louisiana Supreme Court. *In re: Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

of an injury is continuous or ongoing. *See Young v. United States*, 724 F.3d 444, 447 (5th Cir. 2013); *Watson v. Arkoma Dev., LLC*, CV 17-1331, 2018 WL 6274070, at *3 (W.D. La. Nov. 15, 2018), *report and recommendation adopted*, CV 17-1331, 2018 WL 6274008 (W.D. La. Nov. 30, 2018). The Amended Complaint clearly establishes that Dresser conducted operations "through at least 2016." [Doc. 16, ¶ 14]. However, the Amended Complaint fails to establish any further activities taken by Dresser beyond 2016. Rather, Aertker alleges vaguely that the contamination "continues to this day." [Doc. 16, ¶¶ 17, 91, 127, 128, 129]. A continuing tort, such as continuous trespass, "is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." *Crump v. Sabine River Auth.*, 1998-2326, p. 9 (La. 6/29/99), 737 So.2d 720, 728. Once the damage-causing conduct terminates, the tort also terminates, irrespective of whether the damage persists and progressively worsens. *Marin,* 48 So.3d at 254. As Aertker has failed to state any further activity taken by Dresser that could constitute a continuing trespass, the Court dismisses his continuing trespass claim.

    e.    **Civil Fruits**

Dresser also moves for dismissal of Plaintiff's claim for civil fruits as damages associated with a bad faith trespass. The Amended Complaint states that Dresser derived "significant economic benefits" from allegedly storing waste on Plaintiff's property instead of "having to pay to lawfully transport, store, and dispose of," said waste. [Doc. 16, ¶ 94]. Aertker thus argues he is entitled to collect this unpaid rent as a civil fruit improperly gathered by the Dresser's trespass.

Louisiana Civil Code Article 551 defines civil fruits as "revenues derived from another thing, such as rentals, interest, and certain corporate distributions." The Louisiana Court of Appeals for the Second Circuit has held that economic benefits derived from storage of hazardous waste on a plaintiff's property without permission are not "civil fruits" under Article 551 because nothing is "produced by or derived from the property as a result of the storage/disposal of the waste," and there are "no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste." *Wagoner v. Chevron USA Inc.*, 45,507, p. 15 (La. App. 2 Cir. 08/18/10), 55 So.3d 12, 27; *see also, Alford v. Anadarko E & P Onshore LLC*, CV 13-5457, 2014 WL 1612454, at *18 (E.D. La. Apr. 22, 2014) (dismissing claim for civil fruits because avoidance of costs for proper disposal of waste is not the same as earning revenues). Hence, in accordance with Louisiana jurisprudence, Dresser's purported economic benefit derived from an avoidance of substantial costs associated with proper disposal of waste does not constitute a civil fruit.[6] The Court grants the Motion as to Plaintiff's claim for civil fruits.

---

[6] The Court finds *Corbello v. Iowa Production*, cited by Aertker, inapposite. 2002-0826 (La. 2/25/03), 850 So.3d 686. There, the Louisiana Supreme Court awarded damages for the defendant's authorized storage and disposal of saltwater on the plaintiff's property. Critically, however, the Court found that these damages were owed because the defendant breached the saltwater disposal provision of a valid mineral lease. *Id*. at 705. As Aertker has failed to establish the existence of a contractual breach, *Corbello* is unavailing.

### f.   RCRA

Finally, Dresser moves to dismiss Plaintiff's citizen-suit claims brought under Section 6972 of the RCRA.[7] 42 U.S.C. § 6972. Subsection (a)(1) of this statute permits two distinct types of citizen suits – "violation actions" brought under subsection (a)(1)(A) and "endangerment actions" brought under subsection (a)(1)(B). *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 486 (7th Cir. 2011). The citizen-suit filed by Aertker is an "endangerment action" under (a)(1)(B). The relevant statute provides that "any person may commence a civil action on his own behalf against –

> any person, including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment...."

42 U.S.C. § 6972(a)(1)(B).

An individual seeking to institute an "endangerment action" under the RCRA must navigate two hurdles prior to filing suit. First, the plaintiff must give notice to "(i) the administrator, (ii) the state in which the alleged endangerment may occur, and (iii) any person alleged to have contributed to the past or present handling,

---

[7]   Dresser originally moved to dismiss this claim due to Plaintiff's alleged failure to sufficiently plead entitlement to the statutory exception to the ninety-day delay under 42 U.S.C. § 6972(b)(2)(A). Upon reviewing this matter, the Court requested additional briefing from all parties concerning Plaintiff's compliance with the notice requirements under the RCRA. [Doc. 65]. As the Court finds that Aertker failed to comply with the threshold notice requirement, the Court need not consider whether Plaintiff has adequately alleged entitlement to the statutory exception.

storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B)." 42 U.S.C. § 6972(b)(2)(A)(i)-(iii).[8] Additionally, citizen-plaintiffs must satisfy the enumerated delay requirement by waiting ninety days after providing notice before commencing suit. 42 U.S.C. § 6972(b)(2)(A).

Plaintiff's allegations in the Amended Complaint and response to the Court's inquiries make clear that he gave notice: (i) only to Dresser, and (ii) only three days prior to filing suit. [Doc. 21-2]. Dresser thus argues that Plaintiff's failure to provide notice to the other two enumerated parties – the Environmental Protection Administration administrator and the State of Louisiana – bars his RCRA claim against all Defendants. The Court agrees. RCRA's notice and delay requirements are "mandatory conditions precedent to commencing suit" under the RCRA citizen-suit provisions. *Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989). The purpose for notice and delay is to afford the government or the violator an opportunity to act in order to obviate the need for citizen intervention. *Id.* ("The bar on citizen suits

---

[8] Aertker suggests that RCRA citizen-suit claims are subject to two separate notice requirements, depending on whether they are "violation actions" or "endangerment actions." He bases this argument on the inclusion of the conjunctive "and" under subsection (b)(1)(A) for "violation actions" and the omission of the same conjunctive in (b)(2)(A) for "endangerment actions. Notably, Aertker fails to provide any authority to support this position. Regardless, the Court finds that the natural reading of subsection (b)(2)(A) requires notice be given to all three parties. *See Aiello v. Town of Brookhaven*, 136 F.Supp.2d 81, 102 (E.D.N.Y. 2001) ("First, in all such suits, a plaintiff must notify the Administrator of the citizen's intent to initiate litigation . . . In suits under § 6972(a)(1)(B), notice must also be given to [the State] and to [any contributor referred to in subsection(a)(1)(B)]"); *Wilkie v. CTW Acquisition, LLC*, 2017 WL 10505349, at *3 (D. Minn. Jul. 25, 2017) (A plaintiff's ability to bring a claim under the RCRA requires notice be given to all three entities listed under Section 6972(b)(2)(A)); *see also*, Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts,* at 112 (2012) (The absence of conjunction is normally equivalent to the use of the conjunction "and").

when governmental enforcement action is under way suggests that the citizen suit is meant to supplement rather than to supplant governmental action") (quoting *Gwaltney of Smithfield, Inc. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 60, 108 S.Ct. 376, 383 (1987)). Notice and delay also gives the alleged wrongdoer "an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit." *Gwaltney*, 484 U.S. at 60. Because Aertker did not give notice to each of the three parties required by statute and has not provided the Court with any authority to justify this omission,[9] he cannot maintain his RCRA claim.[10] The claim is therefore dismissed without prejudice.

## III. The GE Motion

Turning now to the GE Motion, Defendant GE seeks dismissal pursuant to Rule 12(b)(6) on four grounds. Specifically, it contends that Plaintiff's claims should be dismissed because:

> (i) the "Oil and Gas Division of GE" lacks capacity to be sued; (ii) Plaintiff cannot establish as a matter of law his "ownership-based claims" brought pursuant to Louisiana Mineral Code Article 10 and the natural servitude of drain under Louisiana Civil Code Articles 655 and 656; (iii) Plaintiff cannot

---

[9] As the regulation cited by Aertker – 40 CFR § 254.2 – was enacted before the 1984 amendments to the RCRA, which added the "endangerment action" citizen-suit, it is not helpful to Plaintiff's argument.

[10] The Court notes the potential jurisdiction issue presented by dismissing the RCRA claim. However, on April 20, 2022, the Louisiana Department of Environmental Quality ("LDEQ") filed a MOTION TO DISMISS seeking its dismissal from this matter. [Doc. 69]. Without Plaintiff's federal cause of action, this Court cannot maintain jurisdiction over this suit with the LDEQ as a defendant. *See Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566, 571 (5th Cir. 2015) ("Ordinarily '[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction"); *see also, D&J Investments of Cenla, LLC v. Baker Hughes, a GE Co., LLC*, CV 20-1174, 2021 WL 3553509, at *2 (W.D. La. Aug. 11, 2021). The Court reserves its determination of this the jurisdictional issue until such time as LDEQ's motion is ripe for ruling.

establish as a matter of law his claims of: (a) nuisance under the pre-1996 version of Louisiana Civil Code Article 667, (b) continuing tort and continuing trespass, (c) premises liability under Louisiana Civil Code Articles 2317 and 2322, (d) civil fruits, and (e) punitive damages; and (iv) Plaintiff's Amended Complaint fails to state a claim under the RCRA.

The Court will address each matter in turn.

### a. Capacity

The Amended Complaint names the "Oil and Gas Division of the General Electric Company" as a Defendant in this matter. [Doc. 16, ¶2.e]. GE maintains that this entity is not capable of being sued. It therefore suggests that the Court either dismiss the claims against the "Oil and Gas Division" with prejudice or require Plaintiff to amend his complaint to properly name the correct entity – "General Electric Company."

The Court finds that "General Electric Company" is the proper Defendant against whom Aertker seeks judgment. Although he named the "Oil and Gas Division" as Defendant in the Amended Complaint, Plaintiff asserts "General Electric Company's" place of incorporation and principal place of business. [*Id.*]. Furthermore, GE itself admits Plaintiff served "General Electric Company," not the "Oil and Gas Division." [Doc. 20-1, p. 8]. Accordingly, Plaintiff is granted leave and ordered to amend his complaint within fourteen (14) days of this ruling to properly name "General Electric Company" as a defendant in this matter pursuant to Federal Rule of Civil Procedure 15(a)(2), and to otherwise re-state his remaining claims in accordance with this ruling.

### b. "Ownership-based" Claims – Breach of Natural Servitude of Drain and Louisiana Mineral Code Article 10

Aertker also asserts claims for GE's alleged breach of the natural servitude of drain under Louisiana Civil Code Articles 655 and 656, and violation of Louisiana Mineral Code Article 10.[11] [Doc. 16, ¶¶ 82-86, 95-98]. GE argues that these two "ownership-based" claims must be dismissed because: (i) GE is not, and has never been, the owner of the Dresser Facility, and (ii) Plaintiff has failed to allege facts to support holding GE liable for the acts of its subsidiary under an "alter ego" theory. GE attaches conveyance records from Rapides Parish and business filings from Delaware's Secretary of State website to purportedly establish that Dresser Facility has never been owned by GE.[12] [Docs. 20-3, 20-4, 20-5, 20-6].

The Court notes that the Amended Complaint establishes a timeline of the operations of the Dresser Facility from its initial development in 1961 through 2016, when operations allegedly ceased. [Doc. 16, ¶ 13-28]. Included in this chronology is

---

[11] Louisiana Civil Code Article 655 provides: "An estate situated below is the servient estate and is bound to receive the surface waters that flow naturally from a dominant estate situated above unless an act of man has created the flow."

Louisiana Civil Code Article 656 provides: "The owner of the servient estate situated below may not do anything to prevent the flow of the water. The owner of the dominant estate situated above may not do anything to render the servitude more burdensome."

Louisiana Mineral Code Article 10 provides: "A person with rights in a common reservoir or deposit of minerals may not make works, operate, or otherwise use his rights so as to deprive another intentionally or negligently of the liberty of enjoying his rights, or that may intentionally or negligently cause damage to him…" La. Rev. Stat. § 31:10.

[12] The Court takes judicial notice of the Rapides Parish conveyance records and the business filings contained on Delaware's Secretary of State website, as these are matters that "cannot reasonably be questioned." *Ruston v. Louisiana Hosp. Co., LLC v. Lincoln Health Found., Inc.*, CV 18-0881, 2019 WL 6332850, at *3 (W.D. La. Nov. 20, 2018) (quoting *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015)).

the allegation that GE acquired Dresser, Inc., then the owner of the Dresser Facility, in 2011. [Doc. 16, ¶ 25]. GE does not deny this allegation. Because neither the Secretary of State filings (of which the Court takes judicial notice), nor the conveyance records include the terms of GE's acquisition of Dresser, Inc., the Court is unable to ascertain at this stage in the litigation from the available documents what assets and liabilities were assumed by GE during that transaction. Accordingly, GE's motion to dismiss Aertker's "ownership-based" claims is denied.[13]

### c. Premises Liability Under Louisiana Civil Code Articles 2317 and 2322

GE also seeks to dismiss Plaintiff's premises liability claims under Louisiana Civil Code Articles 2317 and 2322.[14] Louisiana Civil Code Article 2317 states that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." To recover under Article 2317.1, a plaintiff must establish that: (i) the defendant was the owner or custodian of a thing which caused the damage, (ii) the thing had a ruin, vice, or defect that created an unreasonable risk of harm, (iii) the ruin, vice, or defect of the thing caused the damage, (iv) the defendant knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect, (v) the damage could have been prevented by the exercise of reasonable care, and (vi) the defendant failed to exercise such reasonable care. *Granda v. State*

---

[13] The Court's ultimate determination of this issue will likely necessitate a review of the documents evidencing the acquisition of Dresser, Inc. by GE in 2011.

[14] GE's Motion addresses only the post-1996 versions of Articles 2317 and 2322.

*Farm Mutual Ins. Co.*, 2004–1722, p. 6 (La. App. 1 Cir. 02/10/06), 935 So.2d 703, 708. Article 2322 applies specifically to buildings and requires a plaintiff to make a similar showing. *Maddox v. Howard Hughes Corp.*, 2019-0135, p. 6, n. 6 (La. App. 4 Cir. 04/17/19), 268 So.3d 333, 338.

Viewing the Amended Complaint in the light most favorable to the Plaintiff, the Court finds that Aertker has alleged sufficient facts to meet these elements. The Amended Complaint states that the Dresser Facility and equipment therein – including the unlined earthen pits and the TCE storage tanks on the property – contained defects, vices, and ruin; that Defendants knew or should have known of these defective conditions; and that the damage to his property could have been prevented by the exercise of reasonable care. [Doc. 16, ¶¶ 100, 105, 108-112]. This pleading is sufficient to withstand a Rule 12(b)(6) motion.

### d.   Other Claims

Like Dresser, GE also moves to dismiss Plaintiff's claims for continuing tort and trespass, and for civil fruits derived from the alleged trespass onto the Aertker property. As GE makes similar arguments to those made by Dresser in their Motion, the Court dismisses Plaintiff's claims for continuing tort and trespass for the reasons outlined in Section II.d. of this Memorandum Ruling and Plaintiff's claims for civil fruits as discussed in Section II.e.

Finally, GE moves for dismissal of Plaintiff's claims for: (i) strict liability under pre-1996 version of Louisiana Civil Code Article 667, (ii) punitive damages, and (iii) the RCRA claim. Aertker concedes that he is not pursuing any of these claims against GE and thus does not oppose dismissal. [Doc. 24, p. 24]. Accordingly, to the extent

17

the Amended Complaint asserts these claims against GE, they are likewise dismissed.

## Conclusion

For the foregoing reasons, the Court GRANTS Dresser's Rule 12(b)(6) Motion to Dismiss [Doc. 21] and GRANTS, IN PART and DENIES, IN PART GE's Rule 12(e) Motion to Dismiss [Doc. 20].

IT IS HEREBY ORDERED that the Court DISMISSES WITH PREJUDICE the following claims:

- Negligence for the failure to contain or remediate against Dresser;
- Strict liability under the pre-1996 amendments to Louisiana Civil Code Article 667 against Dresser and GE;
- Unintentional trespass against Dresser;
- Continuing tort and trespass against Dresser and GE and
- Civil fruits against Dresser and GE.

IT IS FURTHER ORDERED that the Court DISMISSES WITHOUT PREJUDICE the following claims:

- Citizen-suit brought under the RCRA against Dresser and GE.

IT IS FURTHER ORDERED that Plaintiff shall amend his Complaint within fourteen (14) days to the extent necessary to properly name "General Electric Company" as a defendant in this matter and to re-state his claims in accordance with this Memorandum Ruling.

IT IS FURTHER ORDERED that in all other respects, Defendants' Motions are DENIED.

THUS, DONE AND SIGNED in Chambers on this 3rd day of May 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE